IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARED WOLFE | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE PROPERTY AND | : | |
| CASUALTY INSURANCE | : | |
| COMPANY, | | |
| | : | |
| Defendant | : | |
| | : | |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Allstate Property and Casualty Insurance Company ("Allstate"), Defendant in the above-captioned action, seeks removal of this action pursuant to 28 U.S.C. § 1441, et seq. from the Court of Common Pleas, Lycoming County, to the United States District Court for the Middle District of Pennsylvania.  In support of this Notice of Removal, Defendant Allstate states as follows:

1.     Plaintiff Jared Wolfe filed a Complaint in the Court of Common Pleas, Lycoming County, captioned <u>Jared Wolfe v. Allstate Property and Casualty Insurance Company</u>, Civil Action No. 10-00546, which was docketed on or about March 19, 2010.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendant in that action are attached hereto as Exhibit "A."

2.     Plaintiff served the Complaint on Defendant on March 26, 2010.  This Notice of Removal is being filed within thirty (30) days after receipt of the Complaint as required by 28 U.S.C. § 1446(b).

3.     The controversy between Plaintiff and Defendant which gives rise to the action initially brought in the Court of Common Pleas of Lycoming County is one over which the United States District Court for the Middle District of Pennsylvania has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, for the following reasons:

(a)     Plaintiff is an individual who identifies his address as within the Commonwealth of Pennsylvania and, upon information and belief, is a citizen of the Commonwealth of Pennsylvania (Exhibit A, Complaint ¶ 1), and, upon information and belief, is not a citizen of Illinois;

(b)     Defendant Allstate Property and Casualty Insurance Company is an insurance company incorporated under the laws of the State of Illinois, with its principal place of business in the State of Illinois and is a citizen of the State of Illinois;

(c)     the amount in controversy is in excess of $75,000, exclusive of interest or costs, based on allegations of harm in the Complaint, including the facts that (1) Plaintiff has brought a bad faith claim pursuant to 42 Pa. C.S.A. § 8371 and is seeking punitive damages and statutory attorney's fees (Complaint ¶ 48); (2) Plaintiff has brought a UTPCPL claim and is seeking, inter alia, treble damages; and (3) Plaintiff has brought a contract claim seeking, inter alia, damages in excess of $25,000 (the jurisdictional limit for compulsory arbitration in Lycoming County Court of Common Pleas) (Complaint ¶ 60); and (4) Plaintiff has identified the base amount of compensatory damages (subject to trebling) as $50,000 (Complaint ¶ 60).

4.     True and correct copies of this Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Lycoming County and served upon Plaintiff's counsel of record.

WHEREFORE, Defendant Allstate Property and Casualty

Insurance Company requests this Court remove the above-described action

to the United States District Court for the Middle District Court of

Pennsylvania.

Date: April 15, 2010   Respectfully submitted,

<u>/s/ Sara B. Richman</u>

Marshall Walthew
Attorney I.D. No. 55329
Kristin H. Jones
Attorney I.D. No. 85725
Sara B. Richman
Attorney I.D. No. 200729
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

## <u>CERTIFICATE OF SERVICE</u>

I, Sara B. Richman, hereby certify that on April 15, 2010, a true and correct copy of the foregoing Notice of Removal was served via first class mail upon the following:

Michael A. Dinges, Esquire
Elion, Wayne, Grieco, Carlucci,
Shipman, Dinges & Dinges, PC
125 East Third Street
Williamsport, PA  17701


/s/ Sara B. Richman

# EXHIBIT A

**COURT OF COMMON PLEAS, LYCOMING COUNTY, PENNSYLVANIA**
**INITIAL CASE MONITORING NOTICE AND ORDER**

JARED WOLFE,                          : DOCKET NO.:   **10   00546**
      Plaintiff                  :
                       : CIVIL ACTION - LAW
      vs.                         :
                       : TYPE OF ACTION: CIVIL
ALLSTATE PROPERTY AND.,               :
CASUALTY INSURANCE COMPANY            :
      Defendant                  :

1. This matter was commenced on the date of _____, by ✓ complaint ____ writ of summons

_____ other (specify):

2. It is requested the case be processed under Lyc. Co. R.C.P. L1007 as follows (check one):

                     **ARBITRATION** (Damages of $25,000 or less, hearing in 6-12 months)
      ✓         **NORMAL TRACK (Trial in 12-18 months)**
                     **COMPLEX TRACK** (Trial in 18-24 months)
                     **ADMINISTRATIVE TRACK** - (List for first trial term after
                     90 days; qualifying under Rule L1007B.)

*Corporate Litigation*

*MAR 29 2010*

*Received*

Name(s) of Filing Party(ies) _____ Jared Wolfe, by his attorney Michael A. Dinges _____

Signature _~~~~~~~~~~_          Date _3/19/10_ _____

**ORDER**

1.(a) _____   A case scheduling conference is scheduled for _____, at _____, ___.M., in
            Courtroom No. ____; the parties or their counsel shall attend. Plaintiff shall initiate discussions on
            a case scheduling order, in compliance with Lyc. Co. R.C.P. L1007A. (See court Calendar or refer
            to www.lycolaw.org for trial term dates and deadlines.) An agreed-upon proposed case scheduling
            order may be filed in advance of the date of the scheduled conference.
  (b) _____   The Court Administrator is directed to place this case on the next trial list occurring more than 90
            days after the date of this Order pursuant to Lyc. Co. R.C.P. L1007B.

2. FILING PARTY SHALL IMMEDIATELY SERVE A COPY OF THIS ORDER UPON ALL OTHER

PARTIES OR THEIR ATTORNEYS AND FILE PROOF OF TIMELY SERVICE.

BY THE COURT,

_____          _____
Date                                                                    J.

cc:   Deputy Court Administrator
      Michael A. Dinges, Esquire

| | |
|---|---|
| JARED WOLFE, | : **IN THE COURT OF COMMON PLEAS** |
| | : **OF LYCOMING COUNTY, PENNSYLVANIA** |
|     Plaintiff | : |
| | : |
|     vs. | : **CIVIL ACTION – LAW** |
| | : |
| | : |
| **ALLSTATE PROPERTY AND** | : NO:    **'10  00546** |
| **CASUALTY INSURANCE** | : |
| **COMPANY,** | : |
|     Defendant | : |
| | : **JURY TRIAL DEMANDED** |
| | : |

### NOTICE TO DEFEND

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, CONTACT:

Pennsylvania Bar Association
Lawyer Referral Service
100 South Street
P.O. Box 186
Harrisburg, PA 17108-0816
(800) 692-7375

IF YOU CANNOT AFFORD A LAWYER, CONTACT:

Legal Services Office
329 Market Street
Williamsport, PA 17701
(570) 323-8741

*ELION, WAYNE, GRIECO, CARLUCCI,*
*SHIPMAN & IRWIN, PC*

**Michael A. Dinges, Esquire, I.D. # 69589**
Attorney for Plaintiff

| | |
|---|---|
| JARED WOLFE, | : IN THE COURT OF COMMON PLEAS |
| | : OF LYCOMING COUNTY, PENNSYLVANIA |
| Plaintiff | : |
| | : |
| vs. | : CIVIL ACTION – LAW |
| | : |
| | : |
| ALLSTATE PROPERTY AND | : |
| CASUALTY INSURANCE | : |
| COMPANY, | : NO:          10    00546 |
| | : |
| Defendant | : |
| | : JURY TRIAL DEMANDED |
| | : |

## COMPLAINT

1.    Plaintiff, Jared Wolfe is an adult individual residing at 68 Fairfield Church Road,

Montoursville, Pennsylvania, 17754.

2.    Defendant, Allstate Property and Casualty Insurance Company (hereinafter

"Allstate") is a corporation that is license to sell automobile insurance in Pennsylvania, with its

Corporate Headquarters at 2775 Sanders Road, Northbrook, IL 60062.

3.    Defendant, Allstate, is an "insurer" for the purposes of 42 Pa. C.S.A. § 8371.

4.    Upon information and belief, on March 2, 2007, Karl Zierle, had an automobile

insurance policy, specifically policy number 901413816, (hereafter referred to as "the policy")

with Defendant, Allstate.

5.    Karl Zierle is an "insured" for the purposes of 42 Pa. C.S.A. § 8371.

6.    Upon information and belief, it is averred that the automobile insurance policy

contractually provided for the indemnity of the insured, Karl Zierle, against liability for damages

incurred up to the monetary limitation of $50,000 for an individual.

7.    Upon information and belief, it is averred that the automobile insurance policy

also contained the additional coverage limitation that the policy would not indemnify for an

damages based upon gross negligence and/or reckless conduct.

8.    Upon information and belief, it is averred that the automobile insurance policy provided that the Defendant, Allstate had a duty to defend Karl Zierle in any lawsuit arising out of the use of his motor vehicle.

9.    Upon information and belief, it is averred that the automobile insurance policy provided that the Defendant, Allstate had the right to control litigation, including the right to control all decisions regarding settlement of the claim.

10.    On March 2, 2007, the Plaintiff, Jared Wolfe was operating his truck, traveling east bound on State Route 2014 in Loyalsock Township, Lycoming County, Pennsylvania.

11.    On March 2, 2007, Karl Zierle, was traveling east bound on State Route 2014 directly behind Plaintiff, Jared Wolfe, in Loyalsock Township, Lycoming County, Pennsylvania.

12.    On March 2, 2007, the Plaintiff, Jared Wolfe was trying to make a right hand turn into a shopping plaza on the 2300 block of State Route 2014 in Loyalsock Township, Lycoming County, Pennsylvania.

13.    On March 2, 2007, while Plaintiff, Jared Wolfe was trying to make a right hand turn into a shopping plaza at the 2300 block of State Route 2014, the Defendant, Karl Zierle's vehicle collided with the rear of Plaintiff's vehicle, pushing Plaintiff across the entrance of the shopping plaza into a telephone pole.

14.    Prior to the collision, the Defendant had voluntarily consumed an excessive amount of alcohol.

15.    At the time of the collision, the Defendant's blood alcohol level was .25%.

16.    The Defendant was arrested for Driving Under the Influence of Alcohol.

17.    The Defendant ultimately pled guilty to the offense of DUI.

18.    The Plaintiff, Jared Wolfe sustained personal injuries and damages as a result of collision.

19.    On April 8, 2008 the Plaintiff, Jared Wolfe, by and through undersigned counsel, made a written offer for the full and final settlement his personal injury claim, within the policy limitations, for the total sum of $25,000.00, and delivered that demand to Kevin Broadhead, a claims adjuster for the Defendant Allstate.

20.    On April 29, 2008 Kevin Broadhead rejected the Plaintiff's offer to settle, and offered 1,200.00 to settle with the Plaintiff, Jared Wolfe's personal injury claim.

21.    The Plaintiff, Jared Wolf rejected the $1,200.00 offer and filed suit.

22.    A Complaint was filed initiating a lawsuit against Karl Zierle for the personal injuries sustained by the Plaintiff, Jared Wolfe.

23.    Pursuant to the Amended Complaint, the Plaintiff, Jared Wolf sought both compensatory and punitive damages against Karl Zierle.

24.    The Plaintiff, Jared Wolfe, by and through counsel attempted to elicit an increase in the settlement offer from Mr. Zierle's attorneys, but Allstate refused to authorize their counsel to make any increase in their offer to settle the case.

25.    A pre-trial conference in the above referenced matter was held on August 17, 2009, with Judge Gray.

26.    Plaintiff's counsel made it clear that the Plaintiff was willing to negotiate a settle a settlement for less than the demanded $25,000.00.

27.    Defense counsel indicated that Allstate was of the position that they would not offer anything more than $1,200.00 to settle the case.

28.    Had Defendant, Allstate settled the case within the policy limits, the Plaintiff, Jared Wolfe would have agreed to sign a general release that would have insulated their client from any personal liability, including liability for punitive damages.

29.    The insured, Karl Zierle told his attorneys that he wanted the case settled so that he was insulated and protected from personal liability.

30.   Based on information and belief, it is averred that Mr. Zierle's counsel, Attorney Weber and Attorney Penn, recommended to Allstate that they should authorized them to increase the settlement offer in this case and attempt to settle this case, rather than risk exposing Mr. Zierle to personal liability.

31.   By failing to negotiate in good faith and settle the case within the limitations of the policy, the Defendant, Allstate acted in bad faith toward their insured and unreasonably exposed their insured, Karl Zierle to a verdict in excess of the applicable coverage.

32.   The case proceeded to a jury trial on September 28, 2009.

33.   The jury returned a verdict in favor of the Plaintiff and against Mr. Zierle in the amount of $65,000.00.

34.   The special verdict questions indicated that the jury awarded $15,000 in compensatory damages and $50,000 in punitive damages. A copy of the verdict is attached as Exhibit A.

35.   The Defendant, Allstate partially indemnified Mr. Zierle and paid the $15,000 compensatory damage award, but refused to pay the $50,000 punitive damage award.

36.   Upon information and belief, it is averred that the Defendant, Allstate, refused to pay the $50,000.00 punitive damage award because a punitive damage award was in excess of the limitations in coverage afforded Mr. Zierle by the policy.

37.   As a result of the aforementioned bad faith conduct of the Defendant, Allstate, Karl Zierle has now incurred the obligation to personally pay the Plaintiff, Jared Wolfe, the $50,000 punitive damage award together with interest

38.   On March 12, 2010, Karl Zierle, assigned to the Plaintiff, Jared Wolfe, any and all rights, claims and causes of action arising out of Allstate's failure to properly defend, protect and indemnify Mr. Zierle with regard to Wolf's claims arising out of the accident of March 2, 2007. A copy of the assignment is attached as Exhibit B.

39.   It is pursuant to that assignment, that the Plaintiff, Jared Wolfe maintains this suit against Defendant, Allstate, for their bad faith conduct toward their insured, Karl Zierle, for the manner in which they failed to properly protect and defend his interests in the handling of the claim.

## COUNT I

### Plaintiff Jared Wolfe, as Assignee v. Defendant Allstate
### (Bad Faith pursuant to 42 Pa.C.S.A § 8371)

40.   Paragraphs 1 – 39 of Plaintiffs' Complaint are incorporated herein by reference as though fully set forth at length.

41.   Upon information and belief it is averred that pursuant to their insurance policy with Karl Zierle, the Defendant, Allstate, has the obligation to provided Karl Zierle with legal representation and a defense to Jared Wolfe's lawsuit, however, the Defendant, Allstate retained the right to control the litigation, including deciding whether to settle the case and protect Karl Zierle, their insured, from the excess verdict that included the $50,000.00 punitive damage award.

42.   Defendant, Allstate refused to accept the Plaintiff's offer to settle the case within the policy limitations for $25,000.00 and decided to proceed to trial.

43.   Defendant, Allstate had the duty to consider in good faith the interests of their insured as a factor in coming to the decision as to whether to settle or litigate Jared Wolfe's claim against Karl Zierle.

44.   By refusing to offer more than $1,200.00, the Defendant, Allstate breached their duty and failed to act in good faith regarding their insured's interests and as a result of their bad faith actions, a $50,000.00 punitive damage verdict being entered against their insured.

45.   Defendant, Allstate owed a legal duty to properly defend their insured, Karl Zierle against suits arising under the policy and related to the negligent operation of Zierle's motor vehicle; by refusing to settle the claim within the policy limits, the Defendant, Allstate acted in

bad faith and breached that duty by knowingly and recklessly exposing the Defendant to personal liability for the $50,000.00 punitive damage award.

46.   Defendant, Allstate owed a legal duty to indemnify their insured, Karl Zierle against liability for damages up to the policy limits; by refusing to pay the entire $50,000 policy limits toward the $65,000 verdict, the Defendant, Allstate, acted in bad faith and breached their duty to indemnify Zierle to the $50,000 policy limit.

47.   Defendant, Allstate, owed a duty to their insured, Karl Zierle, to properly investigate and settle Jared Wolfe's claim against Zierle; by not properly investigate the case and then failing to negotiate in good faith a settlement with Jared Wolf, the Defendant, Allstate in acted in bad faith and breached their duty to defend, investigate, negotiate and settle the claim.

48.   As a result of the aforementioned bad faith conduct of the Defendant, Allstate, their insured, Karl Zierle, has suffered damages and pursuant to the assignment, the Plaintiff is entitled to an award of damages as follows:

    a.   pursuant to 42 Pa.C.S.A. § 8371(1), an award of interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%;

    b.   pursuant to 42 Pa.C.S.A. § 8371(2), an award of punitive damages against Defendant, Allstate, the insurer;

    c.   pursuant to 42 Pa.C.S.A. § 8371(3), an assessment of court costs and an assessment of attorney fees against the insured.

WHEREFORE, Plaintiff, Jared Wolfe, assignee of Karl Zierle, demands judgment in his favor against the Defendant, Allstate, in an amount in excess of the jurisdictional requirements for compulsory arbitration.

## COUNT II

### Plaintiff Jared Wolfe v. Defendant Allstate
### (Unfair Trade Practices and Consumer Protection Law)

49.     Paragraphs 1 – 48 of Plaintiffs' Complaint are incorporated herein by reference as though fully set forth at length.

50.     Defendant, Allstate has violated Pennsylvania's Unfair Trade Practice and Consumer Law, 73 Pa.C.S.A. § 201-1 et seq., including but not limited to the following:

     a.   Engaged in malfeasance in that the Defendant failed to adequately and fairly evaluate  Jared Wolfe's claim against the insured, Karl Zierle;

     b.   Engaged in malfeasance in that the Defendant failed to fully comply with the terms and conditions of the insurance policy that it issued to Karl Zierle;

     c.   Engaged in malfeasance in that they failed to properly perform their contractual obligation to defend and protect the interests of their insured, Karl Zierle;

51.     As a direct and proximate result of Allstate's conduct, Karl Zierle suffered damages and losses consistent with all of the damages authorized by 73 Pa.C.S.A. § 201 – 902, including the award of treble damages, attorney's fees, interest, costs of suit, and such other relief as the Court deems to be appropriate.

WHEREFORE, Plaintiff, Jared Wolf, assignee of Karl Zierle, demands judgment in his favor and against the Defendant in an amount in excess of the jurisdictional requirements for compulsory arbitration.

## COUNT III

### Plaintiff Jared Wolfe v. Defendant Allstate
### (Breach of Contract)

52. Paragraphs 1 – 51 of Plaintiffs complaint are incorporated herein by reference as though fully set forth at length.

53. Upon information and belief, the policy of insurance that Allstate issued to Karl Zierle was a valid contract between Karl Zierle and Defendant Allstate.

54. Upon information and belief, the subject policy is in the exclusive control of Defendant, Allstate and, therefore, has not been attached as an Exhibit to this complaint.

55. Upon information and belief, at the time of the collision of March 2, 2007, Karl Zierle was an insured as defined within the policy Allstate issued to Karl Zierle.

56. Upon information and belief, the insurance contract issued by Allstate to Karl Zierle, imposed upon Allstate, a duty to exercise good faith and apply fair dealing toward Karl Zierle in handling the claim made by Jared Wolf against Karl Zierle.

57. At all times relevant hereto, Karl Zierle cooperated with Defendant Allstate in the handling of Jared Wolf's claim.

58. Given the circumstance of the collision and the nature of Jared Wolfe's claim against Karl Zierle, the Defendant, Allstate knew or should have known that the value of Jared Wolf's claim was well in excess of the applicable $50,000 policy limits.

59. The Defendant, Allstate breached its contractual obligations under their insurance policy with their insured, Karl Zierle by:

    a. failing to settle the case within the policy limitations and protect Karl Zierle from an excess verdict;

    b. failing to protect its insured's interests by properly investigating evaluating, and handling the Plaintiff, Jared Wolf's claim;

    c.   failing to act in good faith and fair dealing in the handling of their insured's

case, and by causing their insured to incur a $50,000 punitive  damage award

against him for which Allstate has refused to indemnify their insured;

    d.   failing to act in good faith and fair dealing in the handling of their insured's

claim;

    e.   failing to act in good faith by placing their own interests above the interests of

their insured.

    60.   As a result of Allstate' breach of contract, their insured, Karl Zierle sustained the

following damages:

    a.   $50,000 punitive damage award;

    b.   Interest on the $50,000 punitive damage award;

    c.   Attorney's fees and costs for representation after the verdict.

WHEREFORE, the Plaintiff, Jared Wolfe, as assignee of Karl Zierle, demands judgment

in his favor and against the Defendant in excess of the jurisdictional limitations for compulsory

arbitration.

Respectfully submitted,

*ELION, WAYNE, GRIECO, CARLUCCI,*
*SHIPMAN, DINGES & DINGES, PC*

**Michael A. Dinges, Esquire**
I.D. # 69589
Attorney for Plaintiff
125 East Third Street
Williamsport, PA 17701
(570) 326-2443 (telephone)
(570) 326-1585 (fax)

## VERIFICATION

I, JARED WOLFE, hereby verify that the foregoing **Complaint** is true and correct to the best of my knowledge and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

JARED WOLFE

_3/18/10_
Date

**IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA**

JARED WOLFE,            : No. 08-01,217
       Plaintiff          :
     VS                  :
KARL ZIERLE,           :
       Defendant     : Jury Verdict

## O R D E R

**AND NOW**, this 28th day of September, 2009, at the close of the evidence and the Jury having returned a verdict on the form, it is ORDERED and DIRECTED that the verdict be entered in favor of the Plaintiff in the amount of $15,000.00 in compensatory damages and in the amount of $50,000.00 in punitive damages.

The verdict slip itself is incorporated herein by reference.

By The Court,

*Richard A. Gray*

Richard A. Gray, Judge

cc:  CA
    M. Dinges, Esquire
     G. Weber, Esquire

lmw



PLAINTIFF'S
EXHIBIT
A

| | |
|---|---|
| JARED WOLFE, | : IN THE COURT OF COMMON PLEAS |
| Plaintiff | : OF LYCOMING COUNTY, PENNSYLVANIA |
| | : |
| v. | : NO. 08-01217 |
| | : |
| KARL ZIERLE, | : |
| Defendant | : JURY TRIAL DEMANDED |

## ASSIGNMENT

This Assignment is entered into by and between Jared Wolfe (hereinafter "Wolfe") and Karl Zierle (hereinafter "Zierle").

**WHEREAS,** at all times applicable to this Assignment, Zierle maintained an automobile insurance policy with Allstate Property and Casualty Insurance Company (hereinafter "Allstate"); and

**WHEREAS,** Wolfe filed the above-captioned action against Zierle in connection with a automobile accident that occurred on or before March 2, 2007 (hereinafter the "Accident"); and

**WHEREAS,** Wolfe made a written offer to settle the above-captioned matter for the total sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) and delivered that demand on or about April 8, 2008 to Kevin Broadhead (hereinafter "Broadhead"), an authorized agent for Allstate; and

**WHEREAS,** Broadhead and Allstate refused to accept Wolfe's offer to settle and insisted that the above-captioned matter proceed to trial; and

**WHEREAS,** because Allstate refused to accept Wolfe's offer to settle, the above-captioned matter proceeded to a trial on September 28, 2009; and



PLAINTIFF'S EXHIBIT B

**WHEREAS,** a jury entered a verdict in favor of Wolfe and against Zierle for the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00) in compensatory damages and FIFTY THOUSAND DOLLARS ($50,000.00) in punitive damages; and

**WHEREAS,** Allstate has refused to indemnify Zierle for the verdict of $50,000 for punitive damages (hereinafter "Punitive Damage Claim"); and

**WHEREAS,** the parties to this Assignment believe that Zierle has a good faith claim against Allstate for bad faith failure to negotiate in good faith and for negligence and breach of contract in connection with mishandling the defense of Zierle, all of which resulted in the judgment against Zierle for the Punitive Damage Claim; and

**WHEREAS,** Zierle has agreed to assign and hereby does assign to Wolfe any and all claims that Zierle may have against Allstate pursuant to the terms of this Assignment.

**WHEREAS,** the parties have reached an oral understanding and wish to reduce their oral understanding to a written agreement.

**NOW, THEREFORE,** intending to be legally bound hereby, the parties agree as follows:

1. **Assignment.** Karl Zierle does hereby assign to Jared Wolfe any and all claims, causes of action, or rights in contract, negligence, or otherwise which he has or may have against Allstate relating to or arising out of Allstate's obligations to Zierle to defend or indemnify Zierle with regard to claims arising out of the Accident of March 2, 2007. This Assignment is intended to have the broadest possible effect with regard to all rights and interests of Zierle arising out of the subject motor vehicle insurance policy, applicable statutory or common law with regard to breach of fiduciary duty, breach of good faith and fair dealing, breach of contract, negligence, or any statutory

rights, including, but not limited to, rights which arise under 42 PaC.S.A. § 8371 et seq., and 73 Pa.C.S.A. § 201-1 et seq.

2. **Cooperation.** Zierle agrees to cooperate in good faith with Wolfe in connection with the assertion of rights against Allstate, by providing candid and tr  'ful information and testimony with regard to Zierle's communications with Allstate and otherwise.

3. **Forbearance.** Wolfe agrees to forbear from filing a writ of execution in the above-captioned matter on the Punitive Damage Claim until such time as Wolfe has prosecuted to a final Order or settlement such claims as Zierle may have against Allstate in connection with their failure to fully and fairly defend and indemnify Zierle with regard to the Accident of March 2, 2007.

4. **Satisfying Judgment.** Following the conclusion of all proceedings against Allstate pursuant to this assignment, including the collection of any judgment obtained by Wolfe against Allstate, Wolf will mark the punitive damage award against Zierle satisfied.

5. **Entire Agreement.** The terms set forth in this Agreement set forth the entire understanding of the parties with regard to the subject matter hereof. There are no inconsistent representations and no inconsistent oral understanding.

6. **Modification.** No modification of the terms of this Agreement will be effective unless made in writing and signed by the party against whom enforcement is sought.

7. **Waiver of Jury Trial.** In the event that there is ever a dispute with regard to the terms of this Agreement, the parties waive a jury trial with regard to such dispute and agree to submit such dispute to a bench trial in Lycoming County, Pennsylvania which will be conducted pursuant to the law of the Commonwealth of Pennsylvania.

_____  3-16-2010          _____  03/12/10
Jared Wolfe          date               Karl Zierle          date

_____  3/16/10           _____  3/12/2010
Witness              date               Witness              date

JARED WOLFE,

          Plaintiff

vs.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE
COMPANY,

          Defendant

: IN THE COURT OF COMMON PLEAS
: OF LYCOMING COUNTY, PENNSYLVANIA
:
:
: CIVIL ACTION – LAW
:
:
: NO: 10-00546
:
:
:
: JURY TRIAL DEMANDED
:

### PROOF OF SERVICE

I, MICHAEL A. DINGES, hereby certify that I have served a true and correct copy of the complaint with exhibit upon Allstate Property and Casualty Insurance Company, on or about the 26th day of March, 2010 as reflected by the attached return receipt, Article Number 7008 1830 0003 1328 4440.

ELION, WAYNE, GRIECO, CARLUCCI,
SHIPMAN, DINGES & DINGES, P.C.

By _____
Michael A. Dinges, I.D. #09589
Attorney for Plaintiff
125 East Third Street
Williamsport, PA 17701
(570) 326-2443 (phone)
(570) 326-1585 (fax)